468 So.2d 1063 (1985)
Robert S. NORMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. BA-9, BC-427.
District Court of Appeal of Florida, First District.
May 14, 1985.
Rehearings Denied June 7, 1985.
*1064 Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Norman appeals from the imposition of sentence outside the sentencing guidelines, and from restitution imposed as a condition of probation. We affirm the trial court's departure from the guidelines, but reverse the amount of restitution required and remand for a determination of the market value of the goods stolen.
On 18 April 1984, Norman pled nolo contendere to burglary of a structure, first-degree grand theft and possession of a firearm by a convicted felon. The recommended guidelines sentence was 7-9 years incarceration. He was sentenced to 8 years incarceration to be followed by 7 years probation for each of the burglary and theft charges and to 5 years incarceration for possession of a firearm, all to run concurrently.
Norman first contends that this sentence is impermissible under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), which held that incarceration pursuant to a split sentence which equals or exceeds one year is invalid. However, in rendering the Villery decision, the court focused on fulfilling the legislative intent, as expressed in Section 947.16(1), Florida Statutes (1979), that persons sentenced to a term of incarceration equal to or exceeding 12 months be eligible for parole consideration. Incarceration as a condition of probation is not viewed as a sentence. Therefore, the recipient of such a disposition would not be eligible for parole consideration during the incarcerative portion; if the term equaled or exceeded 12 months, the legislative intent regarding parole would not be fulfilled. Therefore, the court held that incarceration imposed as a condition of probation, and as part of a split sentence of incarceration and probation, could not equal or exceed 12 months.
However, parole is not available to persons sentenced under the guidelines. See Rule 3.701(b)(5), Florida Rules of Criminal Procedure; Section 921.001(8), Florida Statutes (1983). Therefore, the rationale behind the Villery holding is no longer present. Further, the note to Rule 3.701(d)(12), Fla.R.Cr.P., allows a split sentence of incarceration and probation, and requires that the incarcerative portion be at least the minimum of the guidelines range. In numerous cells, this equals or exceeds 12 months. See Rule 3.988(a)-(i), Fla.R. Cr.P. Because there are no parole considerations under the guidelines, and because of the legislative intent, as expressed by the adoption of Rule 3.701(d)(12), see Section 921.001(4)(b), Florida Statutes (1983), to allow split sentences such as those forbidden in Villery, we hold that Villery objections are no longer available to persons sentenced under the guidelines.
Norman next alleges that the trial court erred in departing from the guidelines without providing clear and convincing reasons. As a condition of his probation, Norman was required to pay restitution of approximately $15,000. The court explained its departure from the guidelines by stating that, "Defendant needs additional probation time in order to make restitution." This reason was approved in MacFarland v. State, 462 So.2d 496 (Fla. 5th DCA 1984). However, that decision did not address Rule 3.701(b)(1), Fla.R.Cr.P., which provides that sentencing should be neutral with regard to social and economic status. Norman argues that extending probation to give additional time to pay restitution violates this rule, because if he could afford to pay immediately, he would not have received the extended sentence. We do not agree.
In Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984), which Norman cites in *1065 support of his position, the trial court departed from the guidelines, stating that white collar crime per se deserved harsher punishment. The appellate court reversed, based on Rule 3.701(b)(1). We agree that a reason based solely on the social or economic status occupied by the defendant is improper. However, the term of probation here was not imposed because of Norman's economic status, nor as a substitute for payment but is strictly a function of the large amount of restitution owed. We therefore find that the reason expressed by the trial court is clear and convincing under the circumstances of this case.
The trial court did err, however, in requiring Norman to pay $5,008 to the victim's insurance company as restitution for certain motorcycle parts stolen in the burglary. The evidence below clearly indicates that the parts were used, not new. As established at the restitution hearing by testimony of the victim's insurance adjuster, the victim received the wholesale value of new parts under its insurance agreement. Despite objection to this evidence of value, it is this contractual amount Norman was ordered to pay. This was error.
In Fresneda v. State, 347 So.2d 1021 (Fla. 1977), it was held that "a condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim." Fresneda at 1022 (e.s.). Accord Wilson v. State, 452 So.2d 84 (Fla. 1st DCA 1984) (restitution cannot exceed the damage caused). Here, the victim was damaged to the extent of the value of his used parts. It was only because of its insurance contract that it was paid in excess of that amount. While it may be said that a thief "assumes the risk" that his booty will have a high value, we are not willing to hold that he be required to pay back more than it is actually worth.
We therefore vacate the amount of restitution ordered and remand for a second restitution hearing to determine the market value of the stolen parts. It may be adduced through direct testimony as to the fair market value of such parts at the time of the theft, or through evidence on 1) original market cost, 2) the manner in which they were used, 3) their general condition and quality and 4) the percentage of depreciation. Taylor v. State, 425 So.2d 1191, 1193-4 (Fla. 1st DCA 1983), citing Negron v. State, 306 So.2d 104, 108 (Fla. 1974).
Affirmed in part, reversed in part.
PEARSON, TILLMAN (Ret.), Associate Judge, concurs.
NIMMONS, J., concurs in part and dissents in part with opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I concur with the majority's opinion except for the reversal of the probationary order. I would affirm on all points.
First of all, in quoting from Fresneda v. State, 347 So.2d 1021 (Fla. 1977), I believe the majority, by emphasizing the word "victim," may be conveying the implication that trial courts are more restricted than they actually are in the selection of those to whom criminal offenders may be required to pay restitution. I believe Fresneda did not intend such a restricted view. See Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984); and Cuba v. State, 362 So.2d 29 (Fla. 3rd DCA 1978).
Secondly, and more substantively, I do not believe that a criminal offender, whom the sentencing court has, by grace, determined to place on probation, is in any position to complain of the fact that he may be required to pay the wholesale value of new parts to replace those he has stolen. And it should matter not, at least under the facts in this case, whether the victim himself or his insurance carrier is the one to whom the probationer is required to pay.
The same rigidities in proof of value which are required of the state in the trial of criminal cases involving value as an essential element of the crime should not, in my view, always be imposed in the determination *1066 of an appropriate amount of restitution. More flexibility should be allowed trial courts than the majority's opinion seems to afford. I would distinguish the cases relied upon by the majority as either cases which did not involve the determination of restitution as a probationary condition, Fresneda, supra; Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983); and Negron v. State, 306 So.2d 104 (Fla. 1974), or which involved an order requiring the payment of sums unrelated to or in excess of the victim's losses, Wilson v. State, 452 So.2d 84 (Fla. 1st DCA 1984) (defendant stole television which she rented from victim under a rental agreement which called for payment of $930 in periodic installment payments; held that, although restitution for the lost receipts was permissible condition of probation under Fresneda, probation order's requirement to pay full $930 sum without taking into account rental payments previously made was error).
I would affirm the restitution provision of the probation order.