543 So.2d 411 (1989)
David Leigh ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-887.
District Court of Appeal of Florida, First District.
May 17, 1989.
*412 Michael E. Allen, Public Defender, Maria Ines Suber, Assistant Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which appellant's probation was modified to require, as a special condition of probation, that appellant pay $15,000 in restitution.
Appellant entered no contest pleas to charges of burglary of a dwelling and grand theft, and was placed on probation for four years. Special conditions of probation required appellant to pay $250 in court costs, perform 200 hours of community service, and to pay restitution as directed by his probation officer. A hearing was held March 15, 1988 on the issue of restitution. The victim testified that the estimated value of jewelry taken was over $15,000. The witness' estimated figure was arrived at by considering the cost to replace the jewelry, relying on purchase receipts, a partial appraisal, magazines, and recent purchases of gold. Appellant testified that he purchased some jewelry from a named individual and admitted selling these items, but asserted that all of these items were recovered and returned to the victim.
The trial court found that the value placed on the items by the victim was reasonable, and ordered appellant to pay restitution in the amount of $15,000. Appellant asserts that the trial court failed to make a determination as to appellant's resources and ability to pay; that the $15,000 restitution imposed did not reflect the market value of the items taken; and that the amount specified should have been offset by items recovered and returned to the victim.
The amount of restitution for stolen property as a condition of probation under section 775.089 should be based on the fair market value of the property at the time of the theft. Norman v. State, 468 So.2d 1063 (Fla. 1st DCA 1985). Fair market value "may be adduced through direct testimony as to the fair market value ... at the time of the theft, or through evidence on 1) original market cost, 2) the manner in which [the items] were used, 3) their general condition and quality, and 4) the percentage of depreciation." 468 So.2d at 1065, citing Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983). In this case, the primary evidence presented as to the value of the stolen items was the victim's testimony as to their purchase price, but she conceded her lack of knowledge of current market value. "The law in Florida is well settled that testimony as to the cost of stolen property is insufficient in itself to establish value [at] the time of the theft." Negron v. State, 306 So.2d 104, 108 (Fla. 1974). We therefore conclude that the record does not contain competent substantial evidence to support the trial court's assessment of restitution in the amount of $15,000. Because "restitution cannot exceed the damage caused," Wilson v. State, 452 So.2d 84 (Fla. 1st DCA 1984), the trial court in addition erred in failing to determine what items the victim recovered and to offset the value of those items from the total amount of restitution.
Section 775.089(6), Florida Statutes (1987), provides:

*413 The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
Section 775.089(7), Florida Statutes (1987), provides that the burden of demonstrating the financial resources of the defendant and his dependents is on the defendant. The record in this case shows that appellant failed to present such evidence, and that he failed to object to the order of restitution on grounds of his inability to pay. Under other circumstances, we would conclude that appellant waived the issue of his inability to pay. See Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987), dec. approved, 531 So.2d 965 (Fla. 1988). However, because an evidentiary hearing on the value of the stolen jewelry must be held on remand, we find that inquiry should also be made at that time into appellant's ability to pay.
We therefore reverse and remand for further proceedings to determine the fair market value of the jewelry stolen, what items of jewelry were returned to the victim, and the defendant's ability to pay restitution.
ERVIN and ZEHMER, JJ., concur.