556 So.2d 782 (1990)
William DICKENS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02301.
District Court of Appeal of Florida, Second District.
February 9, 1990.
*783 James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
William Dickens pleaded guilty to charges of burglary and grand theft auto after he stole a 1976 Chevrolet, which eventually was recovered from the bottom of a bay. He was sentenced to community control and was ordered to pay $1,900 in restitution to the victim. On appeal, Dickens contends that the amount of restitution was improperly computed and that the trial court erred in failing to consider whether he had the ability to pay restitution. We find no error and affirm the trial court's order in all respects.
The trial court concluded that $1,900 was an appropriate amount because the victim paid $1,000 for the car and put $600 into it for repairs and improvements. Additionally, the victim was charged $300 for removing the stolen car from the bay. The court simply awarded the total of these figures.
Dickens contends first that relying on the purchase price of the car was error because the only permissible basis for an award of restitution is the fair market value of the property at the time of the theft. We disagree. We do not believe that our legislature, in enacting the victim restitution statutes, intended to limit the trial court's function in these matters to determining fair market value.
Victim restitution is authorized and governed by section 775.089, Florida Statutes (1987). This section does not prescribe a method for computing the amount of restitution. Instead, the matter is left to the discretion of the court. The statute provides:
(1)(a) In addition to any punishment, the court shall order the defendant to make *784 restitution to the victim for damages or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the restitution a condition of probation in accordance with s. 948.03.
... .
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
Under this section, the court must award restitution for "damages or loss caused directly or indirectly by the defendant's offense," and must consider "the amount of the loss sustained by any victim." Fair market value at the time of the offense is clearly an appropriate way to determine the amount of the loss. See Garrison v. State, 553 So.2d 1377 (Fla. 2d DCA 1989). We merely conclude that it is not the only way.
The legislature could easily have prescribed fair market value at the time of the offense as the point from which the computation should begin; however, it did not do so. In fact, section 948.03, Florida Statutes (1987), which provides for victim restitution as a condition of community control, expressly leaves the determination of the amount of restitution to the discretion of the trial court. It states:
(1) The court shall determine the terms and conditions of probation or community control and may include among them the following, that the probationer or offender in community control shall:
... .
(e) Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court... .

(emphasis added). Section 775.089(1)(a) refers to this section and requires the trial court to make restitution a condition of probation in accordance with it.
The Florida Supreme Court has noted the legislature's recognition of the trial court's discretion in these statutes. Spivey v. State, 531 So.2d 965 (Fla. 1988), involved a trial court order which required one of two perpetrators to bear the full amount of restitution. In affirming the order, the court said:
Unlike civil damages, restitution is a criminal sanction. The purpose of restitution is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. See Note, Victim Restitution in the Criminal Process: A Procedural Analysis, 97 Harv.L. Rev. 931 (1984). The trial court is best able to determine how imposing restitution may best serve these goals in each case.
531 So.2d at 967. Although this case involved apportioning restitution rather than computing the amount, Spivey's reasoning applies. Limiting the trial court's discretion to a determination of the fair market value of the property involved at the time of the crime does not further its ability to serve the goals of the restitution program.
It is true that in cases dealing with the determination of value as an element of a crime, fair market value at the time of the offense is the appropriate standard. However, there seems to be no reason to impose upon this type of action the same rigidities of proof that are required in criminal cases. See Norman v. State, 468 So.2d 1063 (Fla. 1st DCA 1985) (Nimmons, J., dissenting). The burden of proof, for the purposes of restitution, is a preponderance of the evidence. Section 775.089(7) states:
Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the *785 defendant and his dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
In this case, the court had before it the testimony of the owner of the shop from which the car was stolen and that of the owner of the car. While the court clearly rejected the fair market value standard in favor of charging the defendant the amount paid for the car plus improvements, the only evidence before it supported that figure and the defendant presented nothing to controvert it. The state thus made its showing of loss to the victim by a preponderance of the evidence. We note in passing that if the 1976 Chevrolet had any salvage value after its sojourn in the bay, the defendant could have presented evidence of it.
The defendant's remaining point is that the trial court failed to consider his ability to pay restitution. However, he had the burden of proof on this point. § 775.089(7), Fla. Stat. (1987). He failed to present evidence of his inability to pay at the hearing, failed to object on this point, and failed to argue inability to pay restitution on appeal. He thus has waived any right to challenge the order on this basis. See Spivey, 531 So.2d at 967, n. 2.
Affirmed.
RYDER, A.C.J., and LEHAN and PATTERSON, JJ., concur.