558 So.2d 156 (1990)
Dennis HAWTHORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2333.
District Court of Appeal of Florida, First District.
March 14, 1990.
*157 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Deputy Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Appellant appeals from a community control order wherein he was ordered to make restitution to the victim for the loss of the automobile stolen by the appellant. Appellant claims that the state failed to prove his financial ability to pay restitution and the state failed to properly establish the value of the automobile at the time it was stolen. We affirm as to the former issue but reverse and remand as to the latter.
Although Section 775.089(6), Florida Statutes (1988 Supp.), requires the court to consider "the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents," subsection (7) clearly provides that the burden of demonstrating such financial resources and needs is on the defendant. At the evidentiary hearing held on the issue of restitution, the defense chose not to present any evidence at the conclusion of the state's evidence. In fact, defense counsel, upon being invited by the court to proceed, affirmatively announced, "We have no evidence, your honor."
As to the valuation issue, the state, of course, has the burden of proving the amount of the loss sustained by the victim. § 775.089(7). This court has adhered to the view that the value of property at the time of the offense is the way of determining the amount of loss for inclusion in the restitution provision of a probation order. In Abbott v. State, 543 So.2d 411, 412 (Fla. 1st DCA 1989), this court said:
The amount of restitution for stolen property as a condition of probation under section 775.089 should be based on the fair market value of the property at the time of the theft. Norman v. State, 468 So.2d 1063 (Fla. 1st DCA 1985). Fair market value "may be adduced through direct testimony as to the fair market value ... at the time of the theft, or through evidence on 1) original market cost, 2) the manner in which [the items] were used, 3) their general condition and quality, and 4) the percentage of depreciation." 468 So.2d at 1065, citing Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983). (e.s.)
The state chose not to present direct testimony as to the fair market value but instead sought to utilize the alternative valuation method described in the above excerpt from Abbott. Although the state's evidence satisfied the first three criteria, there was no evidence as to the percentage of depreciation, the fourth criterion. The subject community control order must, therefore, be partially reversed and the cause remanded for further proceedings at which additional evidence may be received on the valuation issue. We acknowledge and certify conflict with the recent opinion of our sister court in Dickens v. State, 556 So.2d 782 (Fla. 2nd DCA 1990), wherein the Second District took a more liberal view of the state's burden in determining the amount of loss for inclusion in restitution orders.[*]
We have also examined the appellant's attack upon the order's requirement that the appellant reimburse the victim the sum of $250 for transportation costs incurred by the victim. We find no error as to such requirement.
Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.
NOTES
[*] This writer, in a dissenting opinion in Norman, favored a less rigid approach to the determination of loss than that which the Norman majority embraced. Obviously, my view was rejected. Moreover, inasmuch as Norman has been cited and followed by Abbott, I am constrained to adhere to this court's clear precedent on this issue. Since there is now interdistrict conflict, the Supreme Court will now, presumably, have the opportunity to resolve this issue.