WIGGINTON, Judge.
This is an appeal from an order of restitution. Appellant was convicted in Circuit Court Case No. 88-645 of burglary and grand theft involving the Corner Lounge owned by Bay Liquors, Inc.[1] At a subsequent hearing on restitution, an employee *212 of the Corner Lounge testified as to the value of a juke box damaged during the burglary, as well as to the value of other items damaged and stolen. The trial court entered an order of restitution in the amount of $3,800. We affirm the order except as it relates to the value of the juke box.
When asked how much a juke box cost, the employee replied, “The last, approximately $3,000, $2,995 was what I was quoted at.” As was held in Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989),
[t]he amount of restitution for stolen property as a condition of probation under section 775.089 should be based on the fair market value of the property at the time of the theft_ [citation omitted] Fair market value “may be adduced through direct testimony as to the fair market value ... at the time of the theft, or through evidence on (1) original market cost, (2) the manner in which [the items] were used, (3) their general condition and quality, and (4) the percentage of depreciation.” [citiation omitted]
Id. at 412. In the instant case, the primary evidence presented as to the value of the juke box was the cost of replacement. That testimony was insufficient to establish fair market value. Consequently, we conclude that the record does not contain competent substantial evidence to support the trial court’s assessment of restitution.
We therefore REVERSE and REMAND for further proceedings to determine the fair market value of the juke box.
SHIVERS, C.J., and BARFIELD, J., concur.

. The "Order of Modification” filed by the trial court correcting the initial order of restitution *212 to reflect the trial court’s oral pronouncement improperly references Case Number 87-641-A. By this opinion we hereby correct the "Order of Modification” to reflect Case Number 88-645.