573 So.2d 330 (1991)
STATE of Florida, Petitioner,
v.
Dennis HAWTHORNE, Respondent.
No. 75747.
Supreme Court of Florida.
January 3, 1991.
*331 Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for petitioner.
Barbara M. Linthicum, Public Defender, P. Douglas Brinkmeyer, Deputy Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for respondent.
EHRLICH, Justice.
We have for review Hawthorne v. State, 558 So.2d 156 (Fla. 1st DCA 1990), in which the First District Court of Appeal certified its decision as in direct conflict with Dickens v. State, 556 So.2d 782 (Fla. 2d DCA 1990), on the issue of whether fair market value of property at the time of an offense is the only permissible basis for determining the amount of loss to be included in a restitution order under section 775.089, Florida Statutes (1987).[1] We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and quash the decision below.
Respondent Hawthorne was found guilty of grand theft auto, placed on community control, and ordered to pay restitution to the owner of the stolen vehicle. At the restitution hearing, the owner testified that the auto at issue was a 1979 Ford Fairmount; had a book value of $1650 in 1985 when it was purchased for $1530; was repaired shortly before the theft and was in good operating condition; was stolen 14 months after purchase; and was valued at zero after the theft because it had been completely burned. The owner further testified that she did not know the mileage of the car at the time it was stolen, and that she had incurred expenses of $250 in securing alternative transportation.
*332 The trial court ordered restitution in the amount of $1500 for the vehicle and $250 for the owner's travel expenses. Hawthorne appealed the amount of restitution on the basis that the state failed to properly establish the value of the automobile at the time of the theft.
On appeal, the First District Court of Appeal agreed that the state had failed to carry its burden of proving the amount of loss sustained by the victim, as required under section 775.089(7). 558 So.2d at 157. Accordingly, the court partially reversed the community-control order and remanded for further proceedings at which additional evidence on the valuation issue could be received. Id. The court noted that it has consistently held that "the value of property at the time of the offense is the way of determining the amount of loss for inclusion in the restitution provision of a probation order." Id. Relying upon its prior decisions in Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989), and Norman v. State, 468 So.2d 1063 (Fla. 1st DCA), review denied, 479 So.2d 118 (Fla. 1985), the court stated that value at the time of the offense can be adduced either through direct testimony as to the fair market value or through evidence on: (1) original market cost; (2) the manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation. Id. Because the state in this case sought to utilize the alternative valuation method but presented no evidence as to the percentage of depreciation, the court held that the state failed to establish the market value of the stolen car at the time of the theft. Id.
Hawthorne contends that the First District Court of Appeal was correct in reversing the community-control order because fair market value is the correct method of determining the amount of restitution for stolen property. Hawthorne relies upon a line of cases in which the First District Court applied this Court's decision in Negron v. State, 306 So.2d 104 (Fla. 1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980), to the issue of restitution. See, e.g., Abbott; Norman.
In Negron, this Court held that if the value of property is an essential element of a crime then that value should be based upon the market value of the property at the time of the crime. 306 So.2d at 108. This Court also announced four factors which the trier of fact can consider in ascertaining market value in such a case: (1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation. Id. These are the same factors relied upon by the First District Court in Norman, Abbott and Hawthorne.
The state contends that the explicit language of section 775.089 does not mandate a particular standard for determining the amount of loss, but rather leaves this determination to the discretion of the trial court, as long as the items listed in section 775.089(6) are considered. The state relies on the conflict case of Dickens which involved a similar claim that the amount of restitution was improperly computed because the trial court relied upon the purchase price of the stolen automobile rather than its fair market value at the time of the theft. 556 So.2d at 783. Noting that section 775.089 does not prescribe a method for computing the amount of restitution but rather leaves this matter to the discretion of the court, the Dickens court held that "[f]air market value at the time of the offense is clearly an appropriate way to determine the amount of the loss ... [but] it is not the only way." Id. at 784 (citation omitted). We agree.
Although the rule announced in Negron is an appropriate standard for those cases where the determination of value is an element of the crime,[2] such a rigid standard of proof is not required for purposes of restitution. This Court has recognized that *333 "[t]he statutory provisions requiring the imposition of restitution recognize the discretion of the trial court in determining the amount of restitution." Spivey v. State, 531 So.2d 965, 966 (Fla. 1988). Furthermore, the plain language of section 775.089(6) provides that, in determining whether to order restitution and the amount of such restitution, the trial court shall consider "such other factors which it deems appropriate."[3]
We recognize that in most instances the victim's loss and the fair market value of the property at the time of the offense will be the same. However, we can foresee instances when the market value of the property would not adequately reflect the victim's loss[4] or when the consideration of the percentage of depreciation would be inequitable.[5] Moreover, as noted by this Court in Spivey, "[t]he purpose of restitution is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. The trial court is best able to determine how imposing restitution may best serve those goals in each case." 531 So.2d at 967 (citation omitted). Therefore, we hold that a court is not tied to fair market value as the sole standard for determining restitution amounts, but rather may exercise such discretion as required to further the purposes of restitution. Where it is determined that a restitution amount equal to fair market value adequately compensates the victim or otherwise serves the purposes of restitution, we agree with the court below that the value should be established either through direct testimony[6] or through evidence of the four factors announced in Negron.
In the instant case, the court had before it the testimony of the owner regarding the purchase price of the car, the book value at the time of purchase, the repairs made to the car, and the general condition of the car. Therefore, the amount of the restitution order was supported by the evidence. Furthermore, the trial court's restitution order did not require the payment of sums unrelated to the victim's losses, see Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977), but rather was correlated to the evidence which was presented by the state and uncontroverted by Hawthorne.
Accordingly, we approve the reasoning of the district court in Dickens and quash the decision of the district court below and remand for reinstatement of the restitution portion of the trial court's order.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 775.089, Florida Statutes (1987), provides in pertinent part:

(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
... .
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
[2] In Negron v. State, 306 So.2d 104 (Fla. 1974), the defendant was convicted of grand larceny for the theft of items valued at more than $100. On appeal, the Court held that the state had not presented sufficient evidence of the value of the items and thus the degree of the crime, whether grand or petit larceny, had not been established beyond a reasonable doubt.
[3] Where restitution is a condition of probation, section 948.03(1)(e), Florida Statutes (1987), is applicable and states that the probationer may be required to "[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court." (Emphasis added.)
[4] For example, a family heirloom may have no market value. Consequently, restitution based solely on this nonexistent market value would result in no compensation to the victim.
[5] For example, a new automobile depreciates considerably as soon as the purchaser drives it off the lot. If this new auto is stolen immediately after purchase, then a restitution order based upon the Hawthorne court's four fair-market-value factors would deduct the percentage of depreciation. Such an inequitable result would not serve the restitution statute's purpose of compensating the victim for the loss sustained as a result of the offense.
[6] We note that an owner of property is generally qualified to testify as to the fair market value of his property. See, e.g., Atlantic Coast Line R.R. Co. v. Sandlin, 75 Fla. 539, 78 So. 667 (1918) (ordinarily the owner of personal property is presumed to have such familiarity with it as to know what it is worth); Vickers v. State, 303 So.2d 700 (Fla. 1st DCA 1974) (owner of stolen property is qualified to testify as to his opinion of the market value of his property at time of theft), cert. denied, 315 So.2d 187 (Fla. 1975).