588 So.2d 636 (1991)
John MANSINGH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3108.
District Court of Appeal of Florida, First District.
October 21, 1991.
*637 Nancy A. Daniels, Public Defender, Gail E. Anderson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., for appellee.

ON REHEARING
ERVIN, Judge.
Appellant objects to portions of a restitution order, arguing that certain losses and/or damages were not caused directly or indirectly by his offense and that the value of the stolen items was not established by competent, substantial evidence. We agree with appellant on both points and reverse and remand.
In August 1989, appellant was found in possession of certain property stolen from the victim's house during a burglary that occurred on February 1, 1989. He was charged by information with one count of third degree grand theft of "stereo equipment, camera, lens, camera case, binoculars, compact discs, cassette tapes." He pleaded guilty and was sentenced to two years of community control, with the special condition that he pay restitution in the amount of $2,190. In determining the amount of restitution, the trial court erroneously included sums attributable to items appellant was never specifically charged with having stolen and that were not found in his possession and to damages incurred during the burglary of the victim's home.
A defendant cannot be required to pay restitution in excess of the damages his criminal conduct caused. See Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977). And see §§ 775.089(1)(a), 948.03(1)(e), Fla. Stat. (Supp. 1988). To determine whether a restitution order is appropriate, the court should apply the following two-pronged test:
1. Was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant's offense?
2. Is there a significant relationship between the damage to the victim and the crime proved?
O'Steen v. State, 547 So.2d 235, 237 (Fla. 1st DCA 1989) (citing State v. Williams, 520 So.2d 276, 277 (Fla. 1988)).
In the instant case, there is no evidence linking appellant to the actual burglary of the victim's home. Furthermore, there is no evidence connecting appellant to any of the items stolen during the burglary that were never recovered, nor was appellant ever charged with the theft of those items.[1] As a consequence one cannot say that the damage which occurred during the burglary[2] or the losses sustained from unrecovered items were caused directly or indirectly by appellant's offense  grand theft. See Denson v. State, 556 So.2d 823 (Fla. 1st DCA), review dismissed, 562 So.2d 347 (Fla. 1990); Moton v. State, 554 So.2d 657 (Fla. 1st DCA 1989); Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981).
Finally, when one considers the actual crime charged (grand theft) and the lapse of time between appellant's arrest and the burglary (approximately six months), it cannot be said that there was a significant relationship between either the losses from the unrecovered items or damage done during the burglary and appellant's crime. Cf. *638 J.S.H. v. State, 472 So.2d 737 (Fla. 1985); Rousseau v. State, 496 So.2d 830 (Fla. 1st DCA 1986), approved, 509 So.2d 281 (Fla. 1987); Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987). Therefore, because neither prong of the above test was satisfied, those portions of order requiring appellant to pay restitution for the damaged Panasonic speakers and the property that appellant was not specifically charged with stealing (the unrecovered gold chains, guitar, watch, and CD player) must be reversed.
Turning next to the sufficiency of the evidence presented to prove the amount of restitution for the items found in appellant's possession, it is axiomatic that it is the state's burden to show the amount of loss sustained. § 775.089(7), Fla. Stat. (Supp. 1988). A trial court is not tied to fair market value (FMV) as the sole standard for determining the amount of restitution, and may, in fact, exercise discretion in determining that amount. State v. Hawthorne, 573 So.2d 330, 332-33 (Fla. 1991). Nevertheless, absent circumstances tending to show that FMV does not adequately compensate the victim or otherwise serve the purpose of restitution, such as theft of a family heirloom or a new automobile, id. at 333 nn. 4-5, or theft of an older car that had been repaired shortly before the theft, as was the case in Hawthorne, the amount of restitution should be established through evidence of FMV at the time of the theft. Id. at 333. Fair market value may be established either through direct testimony or through production of evidence relating to all of the following four criteria: (1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation. Id. at 332-33; Abbott v. State, 543 So.2d 411, 412 (Fla. 1st DCA 1989).
In the instant case, there are no circumstances tending to show that FMV would not adequately compensate the victim or serve the purpose of restitution. Thus, the amount of restitution should have been established based on the FMV of the stolen property at the time of the theft. Excluding the damaged Pioneer speakers, for which appellant agreed to pay $140 in restitution, the evidence presented regarding the remaining items showed only how long the victim had owned each item and its original purchase price. Because this was not direct evidence of FMV at the time of the theft, and because the state presented evidence on only one of the above four factors, the restitution order must be reversed for lack of competent, substantial evidence to support the trial court's assessment of restitution. Abbott.
REVERSED and REMANDED for further proceedings.
ZEHMER and MINER, JJ., concur.
NOTES
[1] Those items include two gold chains, a guitar, Seiko watch, and CD player.
[2] A pair of Panasonic speakers were damaged.