WIGGINTON, Judge.
Emil Gollattscheck brings this appeal from his conviction and sentence for dealing in stolen property. Specifically, he argues that the trial court erred in imposing a $1500 fine and in ordering restitution. We affirm as to the fine without further discussion. However, we must reverse the order of restitution.
The limited record on appeal shows that appellant’s son was charged with grand theft of brass decorative items which had been taken from a mobile home sales company. Appellant was charged with dealing in stolen property involving those same brass items. After his arrest, appellant told police that he sold some brass items to a salvage company. He said that his son had come to his home from the direction of the mobile home sales lot, carrying the brass in a five-gallon bucket. Appellant took his son to the salvage yard where the brass was sold.
At the sentencing hearing, the court indicated that appellant would be required to pay restitution and that the amount of restitution would be determined at a later hearing. A notice was apparently filed later indicating that a joint restitution hearing would be held on February 28, 1990, in both appellant’s and his son’s cases. The notice directed appellant to appear at that hearing. What events transpired at the hearing and whether appellant was present are facts unknown on the record before this court. Apparently a transcript of the restitution hearing was never prepared and it has not been demonstrated whether the hearing was ever recorded.[1] Ultimately, in the order of probation, the court ordered appellant to pay $575.86 in restitution, “less any amounts paid by codefendant.”
On appeal, appellant argues that the court’s utilizing a restitution hearing conducted in appellant’s son’s case does not establish that the restitution assessed against appellant was based upon his own conduct. Although it would appear that the cases were consolidated for hearing, we nonetheless agree with appellant that reversible error has been demonstrated. It is axiomatic that a defendant cannot be required to pay restitution in excess of the damages his criminal conduct caused. See Fresneda v. State, 347 So.2d 1021, 1022 (Fla.1977); Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991). Because the language of the instant order of restitution is ambiguous and does not set forth clearly *494 the amount of restitution for which appellant is responsible, according to his conduct, we reverse the cause and remand for the court to make a specific determination of restitution. The court may hold an additional hearing in order to make that determination.
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings.
ERVIN and SHIVERS, JJ., concur.

. In fact, appellee received a letter from the clerk of the circuit court dated March 1, 1990, stating that the transcript of the restitution hearing was never prepared because appellant failed to file with the court a designation to the court reporter. Appellee subsequently filed a motion in this court to supplement the record with a transcript of the hearing. On April 10, 1991, we granted the motion and extended the time in which to file the answer brief to 20 days after the preparation and transmittal of the supplemental record. Appellee filed a designation to the court reporter who prepared the transcript for the sentencing hearing in this cause. In late May or early June, the reporter advised appellee that she did not record the restitution hearing and therefore could not prepare a transcript. To date, appellee maintains that despite further efforts on its part, appellee has been unable to determine conclusively whether another court reporter recorded the hearing, or if the hearing was ever recorded by any court reporter.