616 So.2d 1148 (1993)
George DOMACETI, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1448.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the order of restitution requiring appellant to reimburse the victim the original cost of stolen computers. At the hearing the victim testified to their original cost and that the same computer could be purchased today for less than half of what the victim originally paid for it. Because of advancements in technology when the victim bought replacements, he purchased upgraded versions.
We adopt the reasoning of the First District in Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991):
Turning next to the sufficiency of the evidence presented to prove the amount *1149 of restitution for the items found in appellant's possession, it is axiomatic that it is the state's burden to show the amount of loss sustained. § 775.089(7), Fla. Stat. (Supp. 1988). A trial court is not tied to fair market value (FMV) as the sole standard for determining the amount of restitution, and may, in fact, exercise discretion in determining that amount. State v. Hawthorne, 573 So.2d 330, 332-33 (Fla. 1991). Nevertheless, absent circumstances tending to show that FMV does not adequately compensate the victim or otherwise serve the purpose of restitution, such as theft of a family heirloom or a new automobile, id. at 333 nn. 4-5, or theft of an older car that had been repaired shortly before the theft, as was the case in Hawthorne, the amount of restitution should be established through evidence of FMV at the time of the theft. Id. at 333. Fair market value may be established either through direct testimony or through production of evidence relating to all of the following four criteria: (1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation. Id. at 332-33; Abbott v. State, 543 So.2d 411, 412 (Fla. 1st DCA 1989).
588 So.2d at 638.
Here, there was no evidence of the fair market value of a used computer of the type stolen, but the victim testified that replacement cost of the computer was now less than half of the original cost, given the technological advancements in new computers. Certainly where there is a ready market of identical items to the stolen item, restitution should be limited to its replacement.
Reversed and remanded for further proceedings.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.