PER CURIAM.
This cause is before us on appeal from an order establishing restitution. Because we find the amount determined by the lower court is not adequately supported by the evidence presented, we reverse and remand.
To determine the fair market value of the merchandise stolen, the trial court multiplied the total retail value of the merchandise by .80, the alleged average percentage cost. Although we approve of the method used, we find no competent evidence to support the use of the 80 percent multiplier. At the restitution hearing, the victim testified as to value by comparing the costs and retail prices of several of the items stolen. Not one example yielded a percentage cost of 80 percent.[1]
As to the stolen computer, the State only presented evidence which showed the computer’s original cost some four years ago. We hold that such evidence is inadequate to establish the computer’s fair market value, especially where the victim admitted that the price of computers has decreased. See, e.g., Domaceti v. State, 616 So.2d 1148 (Fla. 4th DCA1993).
Accordingly, we REVERSE and REMAND for a new restitution hearing as to these items.
ERVIN, BOOTH and WEBSTER, JJ., concur.

. Our calculations indicate that the victim's average percentage cost is significantly lower, about 55 percent.