DAVIS, Judge.
Lisa Diodato challenges the $8220 restitution award she was ordered to pay to Sheila Pesceyne for the value of jewelry stolen from Pesceyne. The State concedes error. We vacate the restitution award and remand.
After Diodato entered a plea of nolo contendere to grand theft, the trial court adjudicated her guilty and placed her on two years’ probation. As a condition of the probation, the trial court ordered the payment of restitution, reserving jurisdiction to set the amount at a later time. At the subsequent restitution hearing, Sheila Pesceyne, the victim, testified that she estimated the value of the items taken from her as follows: wedding ring — $2500; blue sapphire ring — $350; diamond tennis bracelet — $250; silver band — $40; baby charm — $30. Pesceyne’s total estimated value of the stolen items was $3170. However, the court ordered Diodato to pay $3220 in restitution.
The State concedes error, admitting that the record does not support the restitution awarded. Because the owner is presumed to have personal knowledge of the value of the items taken, see State v. Hawthorne, 573 So.2d 330, 333 n. 6 (Fla.1991), the evidence supported an award of only $3170. Accordingly, we vacate the instant restitution award and remand with directions to the trial court to impose restitution in that amount.
Vacated and remanded.
SALCINES and STRINGER, JJ., Concur.