981 So.2d 651 (2008)
Michael J. WOLFF, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3604.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Wolff appeals the trial court's order on the state's motion to determine restitution as a condition of Wolff's probation. We reverse and remand for further proceedings.
Wolff was charged by information with one count of third-degree grand theft and one count of burglary of a conveyance. Wolff pleaded no contest to the charges. In exchange for the plea, the trial court adjudicated him guilty of the charges and sentenced him to six months in jail followed by one year of probation on both charges, to run concurrently. The trial court ordered that the probation could be terminated earlier upon payment of restitution.
At the restitution hearing, Nicholas Hearndon, the owner of Nick's Automotive, testified that he was in custody of a Chevelle owned by Kenny Holmes, the victim in this case, to complete some repair work on the car. Hearndon described what happened to the car while it was in his custody: "It got burglarized over the weekend, numerous stereo components, automotive, different, different performance accessories and, and a lot of damages done to the interior of the vehicle. It was noticed upon [sic] on a Monday morning once I arrived to work." Hearndon took the vehicle to Elusive Audio to have it repaired after the burglary because it was the company which originally installed the equipment. Hearndon paid for the repairs to the vehicle to show good faith to Holmes. He was charged $1,925.00, which included repairing the damage to the vehicle and replacing the stolen car audio equipment and automotive and performance accessories. The trial court ordered restitution in that amount.
In Bennett v. State, 944 So.2d 524 (Fla. 4th DCA 2006), this court stated:

*653 The trial court's order on restitution is reviewed using an abuse of discretion standard. Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005). "The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence. Restitution must be proved by substantial competent evidence." Id. "Such evidence must be established through more than mere speculation; it must be based on competent evidence." Glaubius v. State, 688 So.2d 913, 916 (Fla. 1997). A victim's testimony, without documentation, is not enough to support an award of restitution. See State v. Schuette, 782 So.2d 935, 937 (Fla. 4th DCA 2001).
Bennett, 944 So.2d at 525-26.
Wolff argues that there was insufficient evidence to support the restitution amount because there was no evidence of the fair market value of the stolen car audio equipment and automotive and performance accessories at the time of the theft. We agree.
In Domaceti v. State, 616 So.2d 1148 (Fla. 4th DCA 1993), this court adopted the reasoning of the First District in Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991):
A trial court is not tied to fair market value (FMV) as the sole standard for determining the amount of restitution, and may, in fact, exercise discretion in determining that amount. State v. Hawthorne, 573 So.2d 330, 332-33 (Fla. 1991). Nevertheless, absent circumstances tending to show that FMV does not adequately compensate the victim or otherwise serve the purpose of restitution, such as theft of a family heirloom or a new automobile, id. at 333 nn. 4-5, or theft of an older car that had been repaired shortly before the theft, as was the case in Hawthorne, the amount of restitution should be established through evidence of FMV at the time of the theft. Id. at 333. Fair market value may be established either through direct testimony or through production of evidence relating to all of the following four criteria: (1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation. Id. at 332-33; Abbott v. State, 543 So.2d 411, 412 (Fla. 1st DCA 1989).
Domaceti, 616 So.2d at 1149 (quoting Mansingh, 588 So.2d at 638).
The trial court erred in ordering restitution in the amount of $1,925.00 absent any evidence of the fair market value of the stolen equipment. Although, as the state argues, the trial court has discretion in determining the amount of restitution, and is not tied to fair market value as the sole standard, there are no circumstances in this case tending to show that the fair market value of the items does not adequately compensate the victim or otherwise serve the purpose of restitution. See Domaceti, 616 So.2d at 1149 (citation omitted).
Therefore, we reverse and remand for a determination of how much of the $1,925.00 restitution award is comprised of the cost of repairs to the vehicle and how much is comprised of the replacement cost of car audio equipment and automotive or performance accessories. We find no error in the portion of the restitution award attributed to the cost to repair the damage to the vehicle. See J.M. v. State, 661 So.2d 1285, 1285-86 (Fla. 4th DCA 1995) (affirming portion of restitution award attributed to the cost of repairs to stolen vehicle). We reverse only as to the amount for replacement cost of the equipment and accessories, and direct that on remand, the trial court use the fair market value in re-calculating the award for those items. See *654 J.L. v. State, 980 So.2d 1108 (Fla. 4th DCA 2008) (concluding that it was error to award restitution for items stolen and damaged, based on estimates of replacement value rather than fair market value).
Reversed and Remanded for Further Proceedings.
SHAHOOD, C.J., HAZOURI and DAMOORGIAN, JJ., concur.