STEVENSON, J.
G.P. entered a plea to a charge of a grand theft and, following a hearing, was ordered to pay $1,225 in restitution. In this appeal, G.P. challenges the restitution award. With the exception of the amounts awarded for sixty CDs, we affirm the order appealed.
Among other things, G.P. argues the restitution award should be reversed because it includes amounts for a purse, three pairs of sunglasses, and sixty CDs despite the fact that these items were not referenced or included in the charging document. The petition for delinquency charged G.P. with the theft of “miscellaneous jewelry and/or clothing.” “Restitution cannot be ordered for a theft not encompassed within the charge contained in the information.” Noland v. State, 734 So.2d 464, 466 (Fla. 5th DCA 1999); see also U.B. v. State, 965 So.2d 856 (Fla. 1st DCA 2007) (reversing restitution award that included amount for jewelry not mentioned in the charging document). We reject G.P.’s argument with respect to the purse and the sunglasses.[1] We agree, however, that the CDs are neither jewelry nor clothing and thus not properly included in the restitution award. We have considered all arguments raised and find no abuse of discretion in the remainder of the restitution award. See Wolff v. State, 981 So.2d 651, 653 (Fla. 4th DCA 2008) (recognizing trial court’s award of restitution is reviewed on appeal for an abuse of discretion) (citing Bennett v. State, 944 So.2d 524, 525 (Fla. 4th DCA 2006)). The order appealed is thus affirmed in all respects, save the inclusion of restitution for the CDs.

Affirmed in part; reversed in parí; and remanded.

POLEN and KLEIN, JJ., concur.

. As for the sunglasses, while G.P. argues on appeal that restitution should not have been awarded for the sunglasses because they were not referenced in the information, this claim was not made at the restitution hearing or in the Rule 8.135 motion filed during the pen-dency of this appeal, which mentioned only the purse and the CDs. Consequently, any error in including the sunglasses in the restitution award has not been preserved. See Jackson v. State, 983 So.2d 562, 569 (Fla.2008) (recognizing that, in order to be raised on appeal, even a fundamental sentencing error must be preserved via either a contemporaneous objection or a motion filed during the pendency of the appeal).