DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAN C. DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1942

[ April 18, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 16000065CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Appellant pled no contest to charges of criminal mischief arising from extensive damage he caused to two motor vehicles owned by the victim, including a 2001 Ford Explorer, and to one motor vehicle owned by the victim's sister. Appellant bashed the vehicles with a crowbar while they were parked in front of the victim's home. As part of the plea agreement, appellant was placed on probation. The issue on appeal concerns the restitution award for damage to the 2001 Ford Explorer. We conclude that, under the circumstances of this case, the trial court was required to determine the amount of restitution through evidence of the fair market value of the vehicle. We therefore reverse and remand for further proceedings.

At the restitution hearing, evidence showed that the 2001 Ford Explorer was totaled. The state did not introduce any evidence of the fair market value of the vehicle at the time of the offense, but instead sought to prove the amount of restitution by introducing a repair estimate for the vehicle. A body shop owner gave the victim a repair estimate in the amount of

$5,902.06. He testified that the estimated repairs were the "bare minimum" necessary to make the vehicle drivable. In his opinion, the cost of repairing the vehicle would be more than the vehicle was worth, so he "didn't want to pile on." On cross-examination, he admitted that he had not seen the vehicle before the incident and did not know how much of the damage was caused by appellant.

The victim did not have the vehicle repaired. She believed that spending money to repair the vehicle did not make sense, explaining: "[It was] not fixable. I mean the money I would spend in the car it wouldn't make sense. I could get a new car and start over again. Who wants to be in a car that was bashed?" The victim had the vehicle towed away from her property, never reclaimed it, and acknowledged that it "might not exist anymore." She did not make an insurance claim for the vehicle and, because of appellant's misconduct, has been without a vehicle for over a year and a half.

Over defense counsel's objection to the lack of evidence regarding the condition or fair market value of the vehicle at the time it was damaged, the trial court found that the purpose of restitution would be served by awarding restitution to the victim based on the estimated cost to repair the damage to the vehicle. The trial court consequently entered a restitution order requiring appellant to pay restitution in the amount of $5,902.06.

On appeal, appellant argues that the trial court erred in ordering him to pay restitution based on the estimated cost to repair the vehicle, where no repairs were made or intended to be made and where there were no unique circumstances showing that fair market value would not adequately compensate the victim for the loss.

The state responds that "where Appellant entered a plea, where the amount awarded involved only that which would make the car drivable again, and which compensated [the victim] for Appellant's actions, the award should be upheld as within the trial court's discretion despite it not factoring in the fair market value."

A trial court's determination of the amount of restitution is reviewed for an abuse of discretion. *Soriano v. State*, 968 So. 2d 112, 114 (Fla. 4th DCA 2007). The state bears the burden of proving the amount of restitution, and the restitution award must be supported by competent substantial evidence. *Bennett v. State*, 944 So. 2d 524, 525 (Fla. 4th DCA 2006). "Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole." *Hercule v. State*, 655 So.

2d 1256, 1257 (Fla. 3d DCA 1995). However, a restitution award cannot require payment in excess of the amount of damage the defendant's conduct caused the victim. *Morel v. State*, 547 So. 2d 341, 342 (Fla. 2d DCA 1989).

"[A] court is not tied to fair market value as the sole standard for determining restitution amounts, but rather may exercise such discretion as required to further the purposes of restitution." *State v. Hawthorne*, 573 So. 2d 330, 333 (Fla. 1991). In most cases, "the victim's loss and the fair market value of the property at the time of the offense will be the same." *Id.* However, there may be "instances when the market value of the property would not adequately reflect the victim's loss or when the consideration of the percentage of depreciation would be inequitable." *Id.* (footnotes omitted). Moreover, restitution is intended not only to compensate the victim, but also to serve other goals of the criminal justice system, including rehabilitation, deterrence, and retribution. *Id.*

Absent circumstances tending to show that fair market value does not adequately compensate the victim or otherwise serve the purposes of restitution, the amount of restitution should be established through evidence of fair market value at the time of the loss. *Wolff v. State*, 981 So. 2d 651, 653 (Fla. 4th DCA 2008); *Domaceti v. State*, 616 So. 2d 1148, 1149 (Fla. 4th DCA 1993). As the Florida Supreme Court has explained, "[w]here it is determined that a restitution amount equal to fair market value adequately compensates the victim or otherwise serves the purposes of restitution," the fair market value should be established either through direct testimony or through evidence of the following four factors: (1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation. *Hawthorne*, 573 So. 2d at 332–33.

Examples of circumstances where fair market value would not adequately compensate the victim include theft of a family heirloom, a new automobile, or an older car that had been repaired shortly before the theft. *Domaceti*, 616 So. 2d at 1149. For instance, in *Dickens v. State*, 556 So. 2d 782 (Fla. 2d DCA 1990), the Second District affirmed a restitution award of $1,900, which consisted of $1,000 the victim paid for the car, $600 the victim put into the car for repairs and improvements, and $300 the victim was charged for removing the car from the bay after it was stolen. Emphasizing that fair market value was "not the only way" to determine the amount of the loss, the appellate court declared: "While the court clearly rejected the fair market value standard in favor of charging the defendant the amount paid for the car plus improvements, the only evidence before it supported that figure and the defendant presented

3

nothing to controvert it." *Id.* at 784–85.

Under certain circumstances, an alternative measure of restitution can be the cost of repairing the victim's damaged property. *See, e.g., Gilileo v. State*, 923 So. 2d 612, 614 (Fla. 2d DCA 2006). However, awarding restitution for the cost of repairs requires proof of either: (1) repairs that were actually performed; or (2) repairs that were expected to be performed. *See Hunter v. State*, 48 So. 3d 174, 175 (Fla. 4th DCA 2010) (holding that a restitution award was error, in part because "the victim testified that she paid $1000 for repairs to her home, but did not indicate what repairs were actually performed"); *I.M. v. State*, 917 So. 2d 927, 932–35 (Fla. 1st DCA 2005) (affirming portion of restitution order compensating the school for the cost of a building restoration, including for repair work that was already completed and repair work that was expected to be completed).

Here, the trial court abused its discretion in awarding restitution to the victim based on the estimated cost to repair the damage to the 2001 Ford Explorer. The state did not present any evidence of the fair market value of the vehicle at the time of the offense. Nor did the state demonstrate any special circumstances, such as sentimental value or recent repairs, showing that the fair market value of the vehicle would not adequately compensate the victim or otherwise serve the purposes of restitution. Moreover, the cost of repairing the vehicle is not an appropriate measure of restitution where no repairs were performed or intended to be performed.

The state's reliance on *Dickens* is misplaced because there, unlike here, the trial court was ordering the defendant to pay restitution based on the victim's actual out-of-pocket costs. The trial court in *Dickens* was thus acting within its discretion in rejecting the fair market value standard, absent contrary evidence from the defendant to support a different figure.

In sum, because there were no circumstances justifying an exception to the fair market value rule, the trial court was required to determine the amount of restitution through evidence of fair market value at the time of the loss. Accordingly, we reverse and remand for further proceedings to determine the amount of restitution based on the fair market value of the vehicle. *See Wolff*, 981 So. 2d at 653 (reversing restitution award as to the amount for the replacement cost of stolen car equipment and accessories, and directing that on remand "the trial court use the fair market value in re-calculating the award for those items").

*Reversed and Remanded for further proceedings.*

GROSS and KUNTZ, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***