FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1156

_____

TARA JEANINE TANKSLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John Simon, Judge.

February 26, 2025


B.L. THOMAS, J.

    Appellant seeks review of an order of restitution, arguing that there was a lack of evidence as to the replacement value of the items appropriated, that fair market value and not retail price should have been used as the measure of restitution, and that the State failed to put on evidence of all the factors necessary for determining fair market value. Because we agree that there was a lack of competent evidence to support the restitution amount awarded and that there was no showing as to why a measure other than fair market value was appropriate, we reverse for entry of a corrected order of restitution.

    Appellant pleaded no contest to grand theft of $10,000 or more but less than $20,000, a third-degree felony under section

812.014(2)(c)3., Florida Statutes, for using her position as a department store employee to assist in the appropriation of multiple items of clothing and gift cards from the store. At the restitution hearing, a department store asset protection employee testified concerning an internal case report that the department store generated in its investigation of Appellant. This witness only testified as to what the report was. She did not offer any testimony as to how the report was prepared, who prepared it, or why it was reliable. She also was not the person who conducted the store's interview with Appellant during its internal investigation. Thus, the report itself was not capable, on its face, of proving any loss amount.

"The statutory provisions requiring the imposition of restitution recognize the discretion of the trial court in determining the amount of restitution." *Spivey v. State*, 531 So. 2d 965, 966 (Fla. 1988). Section 775.089(6)(a), Florida Statutes, provides: "The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense." Section 775.089(6)(b) provides: "The criminal court, at the time of enforcement of the restitution order, shall consider the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his or her dependents, and *such other factors which it deems appropriate*." (emphasis added). "The purpose of restitution is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. The trial court is best able to determine how imposing restitution may best serve those goals in each case." *Spivey*, 531 at 967 (citation omitted). Thus, "a court is not tied to fair market value as the sole standard for determining restitution amounts, but rather may exercise such discretion as required to further the purposes of restitution." *State v. Hawthorne*, 573 So. 2d 330, 333 (Fla. 1991). However, "[w]here it is determined that a restitution amount equal to fair market value adequately compensates the victim or otherwise serves the purposes of restitution, . . . the value should be established either through direct testimony or through evidence of the four factors" of "(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation." *Id.* at 332–33.

As an initial matter, we note that Appellant does not argue on appeal, as she did in the trial court, that the State improperly relied on hearsay evidence.

Appellant does argue that the State should have put on evidence of the fair market value factors. We agree with Appellant because no party made any showing below as to why fair market value was not the appropriate measure for restitution in this case. *See* § 775.089(7)(b), Fla. Stat. ("Restitution must be determined on a fair market value basis unless the state, victim, or defendant shows that using another basis, including, but not limited to, replacement cost, purchase price less depreciation, or actual cost of repair, is equitable and better furthers the purposes of restitution.").

Moreover, the amount of restitution ordered in this case was not supported by competent evidence. "The State has the burden to demonstrate, by a preponderance of the evidence, the amount of the loss sustained by a victim as a result of the offense." *D.E.M. v. State*, 109 So. 3d 1229, 1231 (Fla. 1st DCA 2013); *see* § 775.089(7)(c), Fla. Stat. ("The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney."). "Such evidence must be established through more than mere speculation; it must be based on competent evidence." *Glaubius v. State*, 688 So. 2d 913, 916 (Fla. 1997).

As a matter of law, the store's report was not capable of proving the amount of the store's loss due to the crime. To prove this amount, the State needed to a call a witness with personal knowledge of the report to explain what is reflected in the report. The same sort of evidence was needed to explain the purported signed statement by Appellant that was attached to the report. Additionally, we note that the report on its face even failed to state which items involved in Appellant's suspicious transactions were actually removed from the store, further highlighting the lack of competent evidence. "[A] condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim." *Fresneda v. State*, 347 So. 2d 1021, 1022 (Fla. 1977). The store employee who testified

3

at the restitution hearing admitted that the store was not sure how many items were actually removed from the store or what all the items removed were.

Furthermore, Appellant did not agree to restitution in this case as part of her plea. The State's argument that her estimates of the loss should be accepted because she admitted to them in her purported written statement to the store is similar to the argument that a defendant should be held to a restitution amount admitted in a plea. However, the Florida Supreme Court has held that, based on the plain language of section 775.089(1)(a), restitution can only be ordered for loss or damage "directly or indirectly" caused by the offense committed by the defendant. *Glaubius*, 688 So. 2d at 915. Appellant was only charged with grand theft occurring between July 29, 2022, and August 11, 2022. The estimates and activity described in the report—even if this were acceptable evidence without the testimony of a witness with personal knowledge—appear to cover a much longer time period.

For all the above reasons, we find that there was not competent, substantial evidence to support the restitution award.

We VACATE the restitution order and REMAND the matter for further proceedings consistent with this opinion.

NORDBY and TANENBAUM, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, Jasmine Dixon, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Darcy Townsend, Assistant Attorney General, Tallahassee, for Appellee.