TORPY, J.
Appellant challenges the restitution order entered against him after he pled guilty to exploitation of an elderly person. After hearing, the trial court awarded restitution in the amount of $450,534.57. We reverse and remand for a new restitution hearing.
At the restitution proceeding, State presented testimony from the victim’s attorney, the victim’s daughter, and an affidavit from the victim’s accountant. We think this testimony was insufficient to support the restitution award because it was speculative and hearsay.
The victim’s attorney testified only to statements made to him by the victim. This could not form the basis of the restitution award. Miller v. State, 833 So.2d 318 (Fla. 2d DCA 2003).
The victim’s daughter testified that the victim had a net worth of between $750,000 and $2,000,000 before the victim met Appellant, but that her net worth had diminished to $100,000. Even if this testimony was properly admitted over Appellant’s foundation objection, it was far too speculative to support the restitution award. Henry v. State, 840 So.2d 1170 (Fla. 2d DCA 2003). The victim’s daughter also presented a compilation listing checks purportedly written on the victim’s accounts and payable to Appellant. No evidence was adduced identifying who had *1087 made the compilation, nor was any further predicate shown that would render it admissible as a summary pursuant to section 90.956, Florida Statutes (2001). Nevertheless, the trial court erroneously relied upon the document over a timely objection based upon hearsay. Herrington v. State, 823 So.2d 286 (Fla. 1st DCA 2002) (“Because the trial court erred in setting the amount of restitution based on hearsay evidence to which the defendant objected, we reverse the restitution order ... and remand for another restitution hearing.”) The remainder of the victim’s daughter’s testimony was either too vague or too speculative to properly form the basis of the restitution award. See Glaubius v. State, 688 So.2d 913 (Fla.1997) (evidence in support of restitution order must be competent).
Finally, as to the accountant’s affidavit, Appellant objected to its introduction on the basis that “there’s no way for me to cross examine the person who made the affidavit.” Although not textbook, we think this was sufficient to apprise the trial court of the nature of the legal objection. See Layman v. State, 728 So.2d 814 (Fla. 5th DCA 1999). Therefore, it was error to base an award of restitution on this document. Moore v. State, 694 So.2d 836 (Fla. 2d DCA 1997).
REVERSED and REMANDED.
SAWAYA, C.J., and PALMER, J., concur.