898 So.2d 1016 (2005)
Roy Olen YAUN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4432.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
*1017 Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, Roy Olen Yaun, entered an open plea of guilty to burglary of a structure. As a condition of the probationary part of his sentence, appellant was required to make restitution to the victim. The sole issue in this appeal concerns the amount of the restitution appellant was ordered to pay.
At the restitution hearing, the victim testified that appellant stole several items from her home: two televisions, a VCR, a radio clock, a new microwave oven, crystal, draperies, shower curtains, wall hangings, a wood chime bicentennial clock, photo albums, a dolphin table and accompanying dolphins and turtles, two portable water fountains, an Indian blanket, a collection of Precious Moments figurines, and other household items. The victim testified that the total value of the stolen items amounted to $9,856.00. She produced an itemized list of the items and identified each item and her assessment of its current market value. She described some of the items as family heirlooms and attributed a value of $350 to each of the twenty Precious Moments figurines. For some new and unused items, the victim presented receipts and invoices. For others, she supplied computer print-outs of comparables she found on the Internet. The trial court awarded restitution in the amount of $9,856.
Appellant argues that the trial court erred in imposing an amount of restitution that was not supported by competent, substantial evidence. We disagree. "Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole." Hercule v. State, 655 So.2d 1256, 1257 (Fla. 3d DCA 1995); see also Montalvo v. State, 705 So.2d 984, 986 (Fla. 3d DCA 1998) (noting that where a plea agreement leaves restitution to the trial court's discretion, reversal is not warranted absent a clear showing that the trial court abused its discretion).
Because we conclude that the trial court did not abuse its discretion in setting the amount of restitution, we affirm. See State v. Hawthorne, 573 So.2d 330 (Fla.1991) (holding that in assessing the value of stolen property for an order of restitution, the court may exercise such discretion as is required to further the purposes of restitution); A.G. v. State, 718 So.2d 854, 856 (Fla. 4th DCA 1998) (holding that victim, as owner, was qualified to testify as to the value of property stolen from him, particularly a family heirloom); Bakos v. State, 698 So.2d 943 (Fla. 4th DCA 1997) (concluding that the victim's testimony was sufficient evidence of the value of the items for which restitution was sought); Anderson v. State, 649 So.2d 890 (Fla. 2d DCA 1995) (holding that trial judge acted within his discretion in accepting victim's valuation of the stolen items).
AFFIRMED.
GROSS and HAZOURI, JJ., concur.