HAZOURI, J.
Sean Michael Sage appeals the trial court’s order awarding restitution in the amount of $78,025, after he entered a negotiated guilty plea on charges of dealing in stolen property, grand theft, and false verification of ownership. Sage argues that the trial court erred because the restitution amount was based on speculative valuations and purchase prices, not the fair market value of the items, or other appropriate measure. We agree in part, and reverse as to the restitution amounts awarded for three of the stolen items.
In State v. Hawthorne, 573 So.2d 330 (Fla.1991), our supreme court held:
[A] court is not tied to fair market value as the sole standard for determining restitution amounts, but rather may exercise such discretion as required to further the purposes of restitution. Where it is determined that a restitution amount equal to fair market value adequately compensates the victim or otherwise serves the purposes of restitution, we agree with the court below that the value should be established either through direct testimonyFN6 or through evidence of the four factors announced in Negron [v. State, 306 So.2d 104 (Fla.1974)].[1]
Hawthorne, 573 So.2d at 333. We review restitution orders for abuse of discretion. See Yaun v. State, 898 So.2d 1016, 1017 (Fla. 4th DCA 2005). ‘“The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence.’ ” Bennett v. State, 944 So.2d 524, 525 (Fla. 4th DCA 2006) (quoting Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005)). “‘Such evidence must be established through more than mere speculation; it must be based on competent evidence.’ ” Bennett, 944 So.2d at 525-26 (quoting Glaubius v. State, 688 So.2d 913, 916 (Fla.1997)). Moreover, “ ‘[w]here restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole.’ ” Yaun, 898 So.2d at 1017 (quoting *152 Hercule v. State, 655 So.2d 1256, 1257 (Fla. 3d DCA 1995)).
We conclude that the trial court abused its discretion in setting the restitution amount for the Walther stainless handgun, bicycle, and paintball gun, because there was insufficient evidence to support the awarded amount.
The trial court awarded the victim restitution in the amount of $800 for the Walther stainless handgun, as listed by the victim in his stolen property list introduced at the restitution hearing. However, the victim did not testify to this amount. Rather, he testified that he owned the gun for ten years and that he has been told that its relative value today is $100. Based on his testimony, we conclude that the court should have awarded the victim $100 in restitution for the gun, not $800.
The victim testified that the value of the bicycle was $1,000 and the value of the paintball gun was $225, for a total of $1,225 for these two items. However, he also testified that he bought these two items back for $150 ($100 for the bicycle and $50 for the paintball gun) from the persons Sage sold them to. In awarding restitution for these two items, the trial court subtracted $150, the amount the victim bought them back for, from $1,225, the total value of the items as stated by the victim, for a total restitution amount of $1,075. We find that it was error to award the victim $1,075 for these two items, as he is only entitled to the amount he paid to buy them back — $150.
As to the remaining items for which Sage disputes the restitution amount, we find no error.
Accordingly, we reverse in part and remand for the trial court to correct the amount of restitution awarded consistent with this opinion.

Reversed and Remanded.

POLEN and FARMER, JJ., concur.

. The four factors set forth in Negron that the trier of fact can consider in ascertaining market value are: (1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation. Hawthorne, 573 So.2d at 332.

 We note that an owner of property is generally qualified to testify as to the fair market value of his property. See, e.g., Atlantic Coast Line R.R. Co. v. Sandlin, 75 Fla. 539, 78 So. 667 (1918) (ordinarily the owner of personal property is presumed to have such familiarity with it as to know what it is worth); Vickers v. State, 303 So.2d 700 (Fla. 1st DCA 1974) (owner of stolen property is qualified to testify as to his opinion of the market value of his property at the time of theft), cert. denied, 315 So.2d 187 (Fla.1975).