PER CURIAM.
 

 Appellant, Laurie McKown, pleaded no contest pursuant to a plea offer to a charge of exploitation of an elderly person in an amount less than $20,000. She was placed on five years’ probation and after a hearing, was ordered to pay restitution in the amount of $17,798.17. We reverse the order of restitution and remand for a new restitution hearing.
 

 At the restitution hearing, through the testimony of the victim, Helen Seaman, the state offered into evidence a summary of ATM transactions, compiled by a detective who did not testify and based upon unauthenticated bank records, to prove the amount of restitution. McKown objected to the admission of the summary into evidence, arguing that no predicate was laid for its admission and it was hearsay. The state argued that it had given notice to McKown under section 90.956, Florida
 
 *175
 
 Statutes (2009), that it would be using charge summaries or calculations. The trial court overruled the objection and admitted the summary into evidence as proof of the amount of restitution owed.
 

 In
 
 Sage v. State,
 
 988 So.2d 150 (Fla. 4th DCA 2008), this court held:
 

 We review restitution orders for abuse of discretion.
 
 See Yaun v. State,
 
 898 So.2d 1016, 1017 (Fla. 4th DCA 2005). “ ‘The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence.’ ”
 
 Bennett v. State,
 
 944 So.2d 524, 525 (Fla. 4th DCA 2006) (quoting
 
 Koile v. State,
 
 902 So.2d 822, 824 (Fla. 5th DCA 2005)). “ ‘Such evidence must be established through more than mere speculation; it must be based on competent evidence.’ ”
 
 Bennett,
 
 944 So.2d at 525-26 (quoting
 
 Glaubius v. State,
 
 688 So.2d 913, 916 (Fla.1997)). Moreover, “ ‘[wjhere restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole.’ ”
 
 Yaun,
 
 898 So.2d at 1017 (quoting
 
 Hercule v. State,
 
 655 So.2d 1256, 1257 (Fla. 3d DCA 1995)).
 

 Sage,
 
 988 So.2d at 151-52.
 

 While the victim had her bank statements with her in court, a predicate was not laid for their authenticity or reliability. Section 90.803(6)(a), Florida Statutes (2009), requires that the records custodian or other qualified bank employee testify to the necessary predicate before bank statements may be admitted into evidence. Without laying that foundation, the evidence is inadmissible hearsay.
 
 See Medlock v. State,
 
 537 So.2d 1030 (Fla. 2d DCA 1989) (bank statements offered to prove the defendant’s unauthorized withdrawals were inadmissible hearsay without the testimony of the records custodian regarding the necessary predicate). “Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to such evidence.”
 
 Bigelow v. State,
 
 997 So.2d 1249, 1250 (Fla. 5th DCA 2009). “[T]he State is still not permitted to admit any and all hearsay. Rather, the trial court may only allow hearsay having some minimal indicia of reliability to be injected into the [restitution] proceeding.”
 
 Box v. State,
 
 993 So.2d 135, 139 (Fla. 5th DCA 2008) (citation omitted).
 

 The summary compiled from these bank statements also was not authenticated by the party who prepared it. In
 
 Johnson v. State,
 
 856 So.2d 1085 (Fla. 5th DCA 2003), the admission into evidence of a compilation of checks written on a victim’s bank account was reversed because “[n]o evidence was adduced identifying who had made the compilation, nor was any further predicate shown that would render it admissible as a summary pursuant to section 90.956, Florida Statutes (2001).”
 
 Id.
 
 at 1086-87.
 

 The trial court erroneously relied upon the summary, and the victim’s testimony therefrom, over McKown’s timely objection based upon hearsay. The state did not introduce any other evidence of restitution owed. Accordingly, we reverse and remand for a new restitution hearing.
 

 Reversed and Remanded.
 

 TAYLOR, HAZOURI and CIKLIN, JJ., concur.