PER CURIAM.
The issue presented in this appeal is whether the trial court abused its discretion in awarding restitution following appellant’s conviction for burglary and grand theft. We reverse, as the trial court awarded restitution based on purchase price without adequately calculating the fair market value of the stolen items.
We review a trial court’s determination of the amount of restitution for an abuse of discretion. Soriano v. State, 968 So.2d 112, 114 (Fla. 4th DCA 2007). The amount of restitution must be supported by competent, substantial evidence. Id. Generally, the amount of restitution is established through evidence of fair market value of the stolen items at the time of the theft. Id. at 115. Fair market value is calculated by reference to four factors: (1) the original market cost; (2) the manner in which the items were used; (3) the general condition and quality of the items; and (4) the percentage of depreciation. State v. Hawthorne, 573 So.2d 330, 332 (Fla.1991). This court has consistently recognized that a trial court is not limited to consideration of fair market value, but *427 “absent circumstances tending to show that [fair market value] does not adequately compensate the victim or otherwise serve the purpose of restitution,” fair market value should be used. Domaceti v. State, 616 So.2d 1148, 1149 (Fla. 4th DCA 1993) (citation omitted).
We find the victim’s testimony from personal knowledge regarding the purchase price and purchase date to be competent evidence to substantiate the items’ original cost. See Gonzalez v. State, 40 So.3d 86, 89 (Fla. 4th DCA 2010). The record, however, contains no competent evidence of the “general condition and quality of the items” or the percentage of depreciation that would permit the trial court to calculate market value. The trial court awarded $68,000 in restitution by reducing the purchase price of the items by “approximately ten percent” in a calculation the trial court termed “hardly scientific.” Application of such an arbitrary percentage of depreciation, without an explanation or record support, was an abuse of discretion. Kiefer v. State, 909 So.2d 572, 574 (Fla. 5th DCA 2005). The trial court also identified no special circumstances that would permit it to award purchase price in lieu of fair market value. See Wolff v. State, 981 So.2d 651, 653 (Fla. 4th DCA 2008).
Accordingly, we reverse the order of restitution and remand for an evidentiary hearing to determine either the fair market value of the stolen items or to identify special circumstances that would permit an award of restitution based on purchase price.

Reversed and remanded.

WARNER and LEVINE, JJ., concur.
POLEN, J., concurs specially with opinion.