MAY, C.J.
We reverse a restitution order because the evidence was insufficient to support the award.
A juvenile entered a plea of no contest to burglary of a dwelling; the State nolle prossed the remaining grand theft charge. The parties agreed the juvenile would pay restitution in an amount to be determined at a subsequent hearing. The trial court withheld adjudication and placed the juvenile on probation.
At the restitution hearing, neither the juvenile nor his attorney was initially present in the courtroom. The trial court, the State, and the victim began to discuss the restitution issue. The victim indicated that the stolen iPod and Xbox controller were returned, but the stolen Xbox was not. The trial court then asked the prosecutor to discuss the issue with defense counsel.
Both attorneys returned to the courtroom, but the defendant still was not present. The victim testified that the missing video game was worth about $20, and the Xbox was worth about $200 based on the amount the victim spent to purchase a replacement at a pawn shop. When offered the opportunity to cross-examine the victim, defense counsel stated that the evidence was insufficient to establish the value of the two missing items. The victim offered to accept $175. The trial court then ordered the juvenile to pay $220 in *395 restitution. From this order, the juvenile now appeals.
The juvenile argues that the restitution amount should be reversed because it was not supported by competent, substantial evidence. The State responds that the victim’s testimony was sufficient evidence of the items’ value.
“We review a trial court’s determination of the amount of restitution for an abuse of discretion.” Thompson v. State, 68 So.3d 425, 426 (Fla. 4th DCA 2011). “The amount of restitution must be supported by competent, substantial evidence.” Id. Although we have “consistently recognized that a trial court is not limited to consideration of fair market value, ... ‘absent circumstances tending to show that fair market value does not adequately compensate the victim or otherwise serve the purpose of restitution,’ fair market value should be used.” Id. at 426-27 (quoting Domaceti v. State, 616 So.2d 1148, 1149 (Fla. 4th DCA 1993)). Fair market value can be proven “by reference to four factors: (1) the original market cost; (2) the manner in which the items were used; (3) the general condition and quality of the items; and (4) the percentage of depreciation.” Thompson, 68 So.3d at 426.
Here, the trial court erred in ordering $220 in restitution because the victim’s testimony was based on the replacement value of the Xbox, and the source of her testimony regarding the value of the missing video game is unknown. Because the State failed to present competent, substantial evidence of the items’ fair market value, we must reverse the restitution order.[1] This does not prevent the State from conducting another hearing at which the fair market value of the stolen items can be properly proven.

Reversed and Remanded.

TAYLOR and GERBER, JJ„ concur.

. We find no merit in the defendant’s argument that the trial court committed fundamental error by engaging in ex parte communications with the State and the victim before the restitution hearing commenced.