PER CURIAM.
The appellant, a juvenile, challenges the trial court order withholding adjudication and sentencing him to probation for burglary and grand theft. He raises three issues on appeal, and we affirm the trial court with respect to the first two issues without further discussion. As for the remaining issue, we agree with the appellant that the trial court abused its discretion in imposing restitution without proof of fair market value, and we reverse and remand for further proceedings.
The appellant challenges only that portion of the restitution order awarding $265 for a Samsung netbook that was stolen and never returned. He argues that the award was based ■ on the purchase price of the netbook rather than its value at the time it was taken. We first address a preservation issue raised by the State. Contrary to the State’s claim that this issue was not preserved, the transcript of the hearing makes it clear that defense counsel did not agree with the court using the purchase price of the netbook as the basis for the restitution order.
*811 We review the trial court s determination of the amount of restitution for abuse of discretion. See Soriano v. State, 968 So.2d 112, 114 (Fla. 4th DCA 2007). “The amount of restitution must be supported by competent, substantial evidence. Generally, the amount of restitution is established through evidence of fair market value of the stolen items at the time of the theft. Fair market value is calculated by reference to four factors: (1) the original market cost; (2) the manner in which the items were used; (3) the general condition and quality of the items; and (4) the percentage of depreciation.” Thompson v. State, 68 So.3d 425, 426 (Fla. 4th DCA 2011) (citations omitted). “A trial court is not tied to fair market value (FMV) as the sole standard for determining the amount of restitution, and may, in fact, exercise discretion in determining that amount.” Domaceti v. State, 616 So.2d 1148, 1149 (Fla. 4th DCA 1993) (citation omitted). “Nevertheless, absent circumstances tending to show that FMV does not adequately compensate the victim or otherwise serve the purpose of restitution ... the amount of restitution should be established through evidence of FMV at the time of the theft.” Id.
The evidence at trial reflected that the netbook was purchased new for $265, was ten months old at the time it was stolen, and was in perfect condition, although it was used several times a week. During the restitution hearing, the State presented the purchase receipt for the net-book. The owner’s testimony acknowledged that it would cost less than the purchase price to replace the netbook, although he was unable to find the same model on eBay. The court stated that because the netbook was in new condition, the replacement cost would be the same as the original purchase price. Although the court was aware of the purchase price, purchase date, and condition of the net-book, it did not have any evidence of fair market value at the time of the theft, and it did not consider fair market value. Further, the court’s finding disregarded the property owner’s testimony regarding replacement cost. Although there may have been circumstances supporting use of a measure of value other than fair market value, no such circumstances were presented by the State. Accordingly, we find the trial court abused its discretion with respect to the issue of restitution for the netbook, and we reverse and remand for a hearing on this sole issue. Otherwise, we affirm the order of the trial court.

Affirmed in part, Reversed in part, and remanded for further proceedings.

GROSS, FORST, JJ., and ROSENBERG, ROBIN, Associate Judge, concur.