PER CURIAM.
Appellant, J.A.B., a child, appeals the $460 restitution award against him. As the award was not supported by competent, substantial evidence, we reverse and remand for a new hearing.
After a disagreement, Appellant attacked the victim and kicked a large dent in the victim’s vehicle door panel. Appellant pled no contest to criminal mischief and battery and received probation with restitution to be set. At the restitution hearing, the victim stated that he believed it would cost between $460 and $490 to repair the damage to his vehicle. He gave no basis for his opinion.[1] The victim’s stepfather testified that the victim had obtained a repair estimate, which the victim’s mother had sent to an office within the court system. The estimate did not reach the court. The court awarded $460 in restitution, and this appeal followed.
Quite clearly, as the State agrees, the award was not supported by competent, substantial evidence. See State v. Childers, 979 So.2d 412, 414 (Fla. 1st DCA 2008) (reiterating that restitution must be proved by competent, substantial evidence); Bennett v. State, 944 So.2d 524, 526 (Fla. 4th DCA 2006) (“A victim’s testimony, without documentation, is not enough to support an award of restitution.”). Accordingly, we reverse the award and remand for a new hearing. Horahan v. State, 134 So.3d 535, 535 (Fla. 5th DCA 2014) (reversing and remanding award for restitution that lacked support of competent, substantial evidence); Johnson v. State, 856 So.2d 1085, 1087 (Fla. 5th DCA *152 2003) (reversing and remanding restitution awarded based solely on hearsay).
REVERSED and REMANDED.
PALMER, LAWSON, JJ., and HARRIS, C.M., Senior Judge, concur.

. There was no testimony that the victim had any special knowledge concerning the costs of repairs.