DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRICKET KATHLEEN TOOLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2115

[October 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2015-CF-011860-AXXX-MB.

Carey Haughwout, Public Defender, and Claire V. Madill, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The defendant entered a negotiated plea to charges of dealing in stolen property and false verification of ownership to a pawnbroker. In exchange for her plea, the state nolle prossed a charge for grand theft, but the plea agreement required her to pay restitution to the theft victim. The defendant now appeals the order of restitution and raises three issues. We affirm on all issues, but we write to address her assertion that the state failed to prove the value of restitution for the stolen items. Further, with this opinion, we aim to capture the attention of the Criminal Law Section of the Florida Bar, with the hope that it will analyze the existing convoluted scheme for restitution in Florida and make recommendations to the appropriate parties to bring lucidity to the process.

The defendant contends that, while the victim submitted receipts and provided testimony to evidence the original purchase price of many of the items in question, which were mostly electronics, the state failed to present evidence to establish the items' fair market values. Because the case law on proof for purposes of restitution has confusingly devolved to permit a *laissez-faire* approach in order to compensate victims, we must affirm.

On the one hand, we have indicated that "[g]enerally, the amount of restitution is established through evidence of fair market value of the stolen items at the time of the theft." *Thompson v. State*, 68 So. 3d 425, 426 (Fla. 4th DCA 2011). "Fair market value is calculated by reference to four factors: (1) the original market cost; (2) the manner in which the items were used; (3) the general condition and quality of the items; and (4) the percentage of depreciation." *Id.*

On the other hand, the Florida Supreme Court has stated that "such a rigid standard of proof is not required for purposes of restitution." *State v. Hawthorne*, 573 So. 2d 330, 332 (Fla. 1991). Accordingly, Florida courts have accepted evidence amounting to less than proof of each of the four fair market value factors. *See, e.g., Gonzalez v. State*, 40 So. 3d 86, 88-89 (Fla. 4th DCA 2010) (affirming trial court's entry of restitution award where victim testified to original purchase price, year of purchase, and replacement cost of stolen jewelry); *Yaun v. State*, 898 So. 2d 1016, 1017 (Fla. 4th DCA 2005) (affirming restitution award where victim "identified each item and her assessment of its current market value" and produced receipts and computer print-outs for some items). Perhaps this is because "[w]here restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole." *Yaun*, 898 So. 2d at 1017 (quoting *Hercule v. State*, 655 So. 2d 1256, 1257 (Fla. 3d DCA 1995)).

Given the broad discretion granted to trial judges with respect to matters of restitution, *see A.G. v. State*, 718 So. 2d 854, 856 (Fla. 4th DCA 1998), we are compelled to affirm the trial court.

*Affirmed.*

GERBER, C.J., concurs.
MAY, J., dissents with opinion.

MAY, J., dissenting.

I respectfully disagree with the majority. While the law on restitution may be somewhat confusing, it always requires proof of the fair market value of items lost. That proof was lacking in this case.

The defendant pled guilty to dealing in stolen property and false verification of ownership to a pawnbroker. The State nolle prossed a grand theft charge. The plea agreement did not specify a restitution amount, but stated: "Restitution ordered for victim . . .; amount to be determined by agreement of parties or at restitution hearing (hearsay & causation objections waived)."

At the hearing, the State sought restitution not only for the items pawned, but for all items taken. The defendant objected and argued that restitution should be limited to the items pawned as she pled only to the dealing in stolen property and false verification of ownership to a pawnbroker charges. She did not plead to the grand theft charge, which the State had nolle prossed. The court overruled the objection and proceeded with the hearing.

The victim testified to the value of the items, but primarily testified to their original price, and guesstimates of replacement value. He provided receipts for some of the items. For example, the victim testified that a Samsung flat screen television "roughly" cost "probably around" $5000 or $6000, that an X-Box 360 cost "right around" $100, that some stolen sweatshirts cost "around 70 dollars apiece," that a leather jacket cost "[p]robably around 4- or 500 dollars," and that a bag containing pool sticks was worth "right around" $1,200.

The State sought $9,984.12, an amount reached by subtracting the value of some recovered items from the total amount, and the victim's guesstimates of replacement value for the remaining items. The defendant not only objected to restitution for the items that had not been pawned, but to the victim's guesstimates, and his qualifications to testify to present value. The court ordered the defendant to pay $9,984.12, which included the original price, not the fair market value, of many of the items.

The majority suggests *State v. Hawthorne*, 573 So. 2d 330, 333 (Fla. 1991) provides a trial court with broad discretion to use any method it choses in ordering restitution. I disagree.

*Hawthorne* provides a formula for determining the fair market value of items for restitution. *Id.* at 332. Fair market value should be established through direct testimony or evidence of the following four factors: "(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation." *Id.*

Here, the victim testified about the items' purchase price and provided some receipts. This was sufficient to satisfy the first factor, the original cost. But, there was no testimony about the manner in which the items were used, their general condition and quality, and the percentage of depreciation. The victim merely provided replacement cost guesstimates. This testimony was insufficient to establish fair market value.

In *Thompson v. State*, 68 So. 3d 425, 426 (Fla. 4th DCA 2011) we

3

reversed a restitution award because it was "based on purchase price without adequately calculating the fair market value of the stolen items."

> We find the victim's testimony from personal knowledge regarding the purchase price and purchase date to be competent evidence to substantiate the items' original cost. The record, however, contains no competent evidence of the "general condition and quality of the items" or the percentage of depreciation that would permit the trial court to calculate market value

*Id.* at 427 (citations omitted).

Contrastingly, in *Yaun v. State*, 898 So. 2d 1016, 1017 (Fla. 4th DCA 2005), we affirmed a trial court's restitution award based on the victim's testimony of the items' value. We did so, however, because restitution was part of the plea agreement. *Id.* The record does not reflect such an agreement here.

Under either *Thompson* or *Yaun*, the evidence here was insufficient. Because the State failed to prove fair market value, I would reverse the restitution award, and remand the case for a new hearing to determine the items' fair market value using *Hawthorne's* formula and subject to the limited nature of the defendant's plea. Let us not forget the defendant pled only to dealing in stolen property and false verification of ownership to a pawnbroker charges. She did not plead to the grand theft charge.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***