DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT MORRILL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-781

[April 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 17000131CF10A.

Carey Haughwout, Public Defender, and Claire V. Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Robert Morrill pled guilty to dealing in stolen property, false ownership, grand theft, and possession of a controlled substance. He pleaded in exchange for a withhold of adjudication, three years' probation, and his agreement to pay restitution. He raises four issues on appeal, and we reverse on one (and affirm without discussion regarding the other issues). We agree that the trial court erred in determining that the State met its burden of proving a stolen necklace was worth $2,200, and remand for further proceedings.

**Background**

At the change of plea hearing, the victim testified that his twenty-four inch, eighteen karat gold, Gucci necklace was taken. He noted that it had been given to him by his deceased partner as a gift, and thus had "extreme[]" sentimental value. As it was a gift, he did not have a sales receipt. The victim estimated its value at $2,200, explaining that "I priced other ones out for replacements and that was between 22 and 2400."

When asked, "Did you ever have it valued by any jeweler or any other way?," the victim responded that he "went on to comparison of what I had[,] that is how I got the evaluation, value of it." He did not proffer any documentation or evidence of the necklace's price, hearsay or otherwise. The victim did, however, note that he had possessed a photo of the necklace prior to the theft, but he had given it to law enforcement and it had not been returned.

Defense counsel objected, arguing the testimony did not establish the necklace's fair market value and was based on hearsay. The trial court found that property owners are generally qualified to testify as to their property's value. It concluded the victim corroborated his opinion with online research and ordered $2,200 in restitution for the necklace. This appeal followed.

**Analysis**

"A trial court's determination of the amount of restitution is reviewed for an abuse of discretion. The state bears the burden of proving the amount of restitution, and the restitution award must be supported by competent substantial evidence." *Davis v. State*, 244 So. 3d 374, 377 (Fla. 4th DCA 2018) (citation omitted). The evidence of restitution "must be established through more than mere speculation; it must be based on competent evidence." *Bennett v. State*, 944 So. 2d 524, 525 (Fla. 4th DCA 2006) (quoting *Glaubius v. State*, 688 So.2d 913, 916 (Fla. 1997)).

Fair market value is the standard for restitution, unless it would inadequately compensate the victim, such as theft of a family heirloom. *Davis*, 244 So. 3d at 377. While victims are qualified to testify to the value of their property, they must testify directly to fair market value or establish it with evidence of the following four factors: "(1) original market cost; (2) manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation." *State v. Hawthorne*, 573 So. 2d 330, 332 (Fla. 1991).

This Court has remanded after the failure to prove some of the four elements numerous times. *See, e.g., Toole v. State*, 44 Fla. L. Weekly D512 (Fla. 4th DCA Feb. 20, 2019) (testimony as to the original price and the "guesstimated" replacement value determined to be inadequate); *T.D.C. v. State*, 117 So. 3d 809, 811 (Fla. 4th DCA 2013) (remanding because the court did not have evidence of the fair market value at the time of the theft); *Thompson v. State*, 68 So. 3d 425, 427 (Fla. 4th DCA 2011) (remanding when only evidence of purchase date and price was presented);

2

*Wolff v. State*, 981 So. 2d 651, 653 (Fla. 4th DCA 2008) (remanding due to "absen[ce] of any evidence of the fair market value of the stolen equipment").

"Where restitution is part of a plea bargain, it should be liberally construed in favor of making the victim whole." *Yaun v. State*, 898 So. 2d 1016, 1017 (Fla. 4th DCA 2005) (quoting *Hercule v. State*, 655 So. 2d 1256, 1257 (Fla. 3d DCA 1995)). Additionally, "where a plea agreement leaves restitution to the trial court's discretion, reversal is not warranted absent a clear showing that the trial court abused its discretion." *Id.* (citing *Montalvo v. State*, 705 So. 2d 984, 986 (Fla. 3d DCA 1998)). Nonetheless, even under this more liberal standard of review, as the State in this case failed to provide competent evidence as to *any* of the *Hawthorne* factors, we must conclude that the trial court's holding constitutes an abuse of discretion.

The victim expressly testified to an estimated replacement value of the necklace, not the original market cost (which was unknown). This "estimate" was based merely on the victim noting that he had "priced other ones out for replacements and that was between 22 and 2400." Although the court found that victim corroborated his opinion with online research, the victim did not identify the sources that he relied upon for his estimates. If he did, in fact, use the internet, there was no evidence of the details of his internet search and the results of that search. Regardless of how the victim made the comparison to reach his estimate, the victim appears to have relied entirely on hearsay.

Using websites, catalogs, or contacts with non-witnesses to price the value of an item constitutes reliance on hearsay. *Phillips v. State*, 141 So. 3d 702, 704 (Fla. 4th DCA 2014). "Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to the hearsay evidence." *Id.* (quoting *Conway v. State*, 115 So. 3d 1058, 1059 (4th DCA 2013)). Here, defense counsel made several hearsay objections to the State's evidence regarding the necklace's value.

The State presented no testimony as to the condition, depreciation, or the manner of use. Importantly, the State did not provide the weight of the necklace (which may have been estimated from a competent description of the necklace), nor did it seek to establish the price of gold at the time of the theft.

Our recent decision in *Toole* recognized that "proving restitution continues to be difficult for victims, and receiving compensation for their loss continues to be elusive." 44 Fla. L. Weekly D512. The *Toole* opinion

acknowledges the recent amendment of the Florida Constitution to incorporate "Marsy's Law," and the opinion certifies, as a question of great public importance, whether the *Hawthorne* "formula for determining restitution based on the fair market value of the victim's property [is] still viable after the passage of Amendment 6 (Marsy's Law) . . . ." *Id.* at D513 (citing Art. I, § 16, Fla. Const. (2018)).

In the meantime, we note Amendment 6 includes a requirement that victims are to be "provided with assistance collecting restitution." *Id.* at D512 (citing Art. I, § 16). Here, the State did not satisfactorily provide this assistance. In fact, there is no evidence that the State attempted to retrieve a photo of the stolen necklace from local law enforcement. The photo may have assisted the victim in establishing the condition and the thickness and/or weight of the stolen necklace. Nor did the State provide support for the victim's effort to establish the replacement cost as more than a mere "guesstimate." *See id.* (holding that the lack of testimony about manner of use, general condition, quality and depreciation, as well as the "guesstimates" of replacement cost was insufficient to establish fair market value.).

## Conclusion

We recognize that imposing evidentiary hurdles to the establishment of the value of a stolen item somewhat serves to put the victim on trial. Nonetheless, as set forth above, the evidence presented of the necklace's fair market value was negligible. We thus reverse and remand to the trial court for a new restitution hearing. *See, e.g.*, *McInerney v. State*, 213 So. 3d 933, 936 (Fla. 4th DCA 2017) (reversing and remanding for a new hearing on the amount of restitution); *David v. State*, 187 So. 3d 947, 947 (Fla. 4th DCA 2016) (same).

*Affirmed in part, reversed in part, and remanded for a new restitution hearing.*

GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4