# Third District Court of Appeal

## State of Florida

Opinion filed July 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1153
Lower Tribunal No. F20-10493
_____

**Rauniel Quintero,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Rauniel Quintero, challenges an order awarding restitution rendered after he entered a negotiated plea on a myriad of felony charges, including the grand theft of a luxury vehicle. The primary issue on appeal is whether that portion of the award relating to mechanical damage and the depreciation in value of the stolen vehicle fails for want of competent, substantial evidence. Discerning no error, we affirm the well-reasoned order under review.

## BACKGROUND

Quintero was charged with six felony counts, including grand theft, in violation of section 812.014(2)(C)6., Florida Statutes (2020), operating a chop shop, in violation of section 812.16(2), Florida Statutes (2020), and possession of a vehicle without an assigned identification number plate, in violation of section 319.30(4), Florida Statutes (2020). The crux of the grand theft charge was that Quintero stole a Porsche Panamera and retained it in his possession for approximately nine months.

Quintero was a habitual felony offender and had multiple other unresolved felony and misdemeanor charges, the nature of which are not readily apparent from the undeveloped record before us. He eventually entered into a global negotiated plea agreement and received an enhanced

2

downward departure sentence. The judgment contained a reservation of jurisdiction to impose restitution.

The parties proceeded to a restitution hearing. At the hearing, the victim testified the vehicle was in "great to excellent condition" with "[l]ittle wear and tear" before the theft. Upon recovery, body damage was evident. Repairs were made, and a short time later, the vehicle experienced a mechanical malfunction. A second servicer effectuated mechanical repairs, and the victim ultimately resold the vehicle to CarMax for significantly below the book value.

Numerous exhibits were introduced to corroborate the testimony, including photographs and receipts reflecting both the damage and costs associated with parts and labor.

The defense elicited the fact that the odometer reading reflected a 6,000 mileage increase between the time the body work was performed and the mechanical servicing occurred. The victim contended the odometer did not accurately reflect the mileage and attributed the reading to yet another electronic malfunction precipitated by the theft.

The court ordered restitution in the amount of $17,424.45. This total encompassed $7,471.34 in body repairs, $5,748.11 in mechanical repairs, and $4,205 in depreciation damages. Quintero appeals from these findings.

**STANDARD OF REVIEW**

We review a restitution order for an abuse of discretion. See Koile v. State, 934 So. 2d 1226, 1229 (Fla. 2006). The award must be supported by competent, substantial evidence. See Thompson v. State, 68 So. 3d 425, 426 (Fla. 4th DCA 2011).

**ANALYSIS**

The State bears the burden of establishing the amount of restitution by the greater weight of the evidence. See Mesa v. State, 355 So. 3d 549, 551 (Fla. 3d DCA 2023). Further, "to order restitution under the statute, the court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense." Glaubius v. State, 688 So. 2d 913, 915 (Fla. 1997). "Where restitution is part of a plea bargain," however, "it should be liberally construed in favor of making the victim whole." Hercule v. State, 655 So. 2d 1256, 1257 (Fla. 3d DCA 1995). In this vein, "where a plea agreement leaves the amount of restitution to the trial court's discretion, reversal is not warranted absent a clear showing that the trial court abused its discretion." Montalvo v. State, 705 So. 2d 984, 986 (Fla. 3d DCA 1998).

Here, the trial court carefully tethered the restitution award to specific evidence of record. Nonetheless, Quintero contends the odometer reading

4

renders the award as to mechanical repairs and depreciation infirm because it undermines any causal link between the crime and the asserted damage. We respectfully disagree.

It is axiomatic that these proceedings flowed from a negotiated plea. Thus, we give broad deference to the trial court. Further, Quintero wrongfully possessed the vehicle for approximately nine months. The victim's observations as to the pre-theft condition of the vehicle, coupled with his further testimony "regarding the purchase price of the car, the book value[,] . . . the repairs made to the car, . . . the general condition of the car" after the theft, and sale price, along with the physical exhibits, adequately demonstrated a causal relationship between the criminal episode and both the mechanical repairs and later depreciation in value. State v. Hawthorne, 573 So. 2d 330, 333 (Fla. 1991).

Because it is not our domain to reweigh the credibility findings of the trial court, we therefore conclude that competent, substantial evidence supports the award and affirmance is compelled. See Lambrix v. State, 39 So. 3d 260, 268 (Fla. 2010) ("Appellate courts do not 'reweigh the evidence or second-guess the circuit court's findings as to the credibility of witnesses.'") (quoting Nixon v. State, 2 So. 3d 137, 141 (Fla. 2009)).

Affirmed.

5